# United States Court of Appeals
For the Eleventh Circuit

No. 04-15944

District Court Docket No.
8:04-00225-CR-T-24-MAP

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec 28, 2005
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

versus

JOSEPH HAYNES,

    Defendant-Appellant.

------------------------------------------------

Appeal from the United States District Court
for the Middle District of Florida

------------------------------------------------

A True Copy - Attested
Clerk U.S. Court of Appeals
Eleventh Circuit

By: Deputy Clerk
Atlanta, Georgia

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered: December 28, 2005
For the Court: Thomas K. Kahn, Clerk
By: Gilman, Nancy

ISSUED AS MANDATE
JAN 2 6 2006
U.S. COURT OF APPEALS
ATLANTA, GA.

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 04-15944

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 28, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00225-CR-T-24-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH HAYNES,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Florida

(December 28, 2005)

Before CARNES, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Defendant Joseph Haynes appeals his conviction and 78-month sentence for knowingly attempting to persuade, induce, entice, and coerce a minor to engage in

prohibited sexual activity, in violation of 18 U.S.C. § 2422(b). After review and oral argument, we affirm Haynes's conviction, but vacate his sentence.

## I. BACKGROUND

On April 12, 2004, Haynes, a resident of Tampa, Florida, logged onto the internet and entered a teen chatroom for "Young Teens for Older Men." Haynes instant messaged "kaci_fl_gurl," whose profile stated that she was a fourteen-year-old girl who lived in Tampa and was interested in "cheering, dancing, shopping, movies, going 2 da beach." "Kaci" in fact was Innocent Images Task Force Special Agent William Holland.

Haynes and Kaci engaged in a chat, in which Haynes repeatedly told Kaci that he wanted to meet her and that he wanted to lick her in a clearly sexual manner. Kaci referred to herself as being 14 years old, and Haynes told Kaci that he was 39. Kaci repeatedly talked about her mother finding out and getting caught and stated that her mother would "flip" over her talking to a 39-year-old. The two also discussed meeting at McDonald's.

Haynes and Kaci engaged in four more chats, in which Kaci repeatedly mentioned her age and hiding their relationship from her mother. At one point Kaci asked Haynes if he had ever had a girlfriend her age before, and he responded "no . . . 17, 18 and 20 but not quite ur age." Haynes continued to tell Kaci that he

2

wanted to lick her "head to toe" and told her in explicit terms that he wanted to make her orgasm by licking her genitals. Haynes and Kaci finalized a plan to meet in the parking lot at a McDonald's restaurant at 3 p.m. on April 20, 2004. Haynes told Kaci that he would be waiting for her in his silver Jeep. He also suggested they eat dinner and maybe see a movie, and he asked her if she liked Chinese food.

Although Kaci and Haynes both were in the Tampa area, their electronic communications were routed through Yahoo's servers in Washington, D.C.

On April 20, 2004, around 3 p.m., Haynes arrived at the designated McDonald's parking lot driving a silver Jeep. At that time, officers arrested Haynes. Haynes told the officers that he was there making telephone calls and getting a drink.

In Haynes's Jeep, officers discovered a loaded gun, 92 rounds of ammunition, condoms, and a Chinese restaurant menu. Officers also executed a search warrant at Haynes's home, where they seized a computer tower from Haynes's home office and a day planner containing the following entry for April 20, 2004: "3:00 p.m. Kacie." A forensic examination of the computer revealed twelve images of child pornography and the internet profiles of various teenage girls.

Based on this conduct, Haynes was convicted by a jury of one count of

3

coercion or enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). The district court presented the jury with a special verdict form including the following question: "Did the offense involve the knowing misrepresentation of Defendant's identity (may consider such factors as name, age, occupation, gender or status) to persuade, induce, entice, or coerce the victim to engage in prohibited sexual conduct?" The jury answered this question "No."

Haynes's base offense level was 21. See U.S.S.G. § 2A3.2(a)(2) (2003).[1] Haynes received these three enhancements: (1) a two-level enhancement because he used a computer and the Internet, see U.S.S.G. § 2A3.2(b)(3); (2) a two-level enhancement because he "otherwise unduly influenced the victim to engage in prohibited sexual conduct," see U.S.S.G. § 2A3.2(b)(2)(B); and (3) a two-level enhancement for obstruction of justice based on his testimony at trial that the chat room "Young Teens for Older Men" was an adult rather than a teen chat room. See U.S.S.G. § 3C1.1. With an adjusted offense level of 27 and a criminal history category I, Haynes's guidelines range was 70-87 months. The district court sentenced Haynes to 78 months' imprisonment.

## II. DISCUSSION

On appeal, Haynes raises the following arguments: (1) the district court

---

[1] All citations are to the 2003 version of the guidelines.

erred in denying Haynes's motion to suppress because the search warrant was overly broad; (2) the cumulative impact of the district court's evidentiary rulings denied Haynes's rights to due process and a fair trial; (3) the district court improperly instructed the jury that the internet is an instrumentality of interstate commerce; (4) the district court violated Haynes's right against double jeopardy by imposing an enhancement under U.S.S.G. § 2A3.2(b)(3) based on the same facts (use of a computer and the Internet) establishing an essential element of the crime of conviction; (5) the district court improperly applied an enhancement under U.S.S.G. § 2A3.2(b)(2), in violation of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005); and (6) Haynes's intrastate internet chats are an insufficient basis for federal jurisdiction. Only the motion-to-suppress issue and the sentencing issues warrant discussion.

## A. Motion to Suppress

Haynes argues that the district court erred in denying his suppression motion and allowing child pornography images recovered from Haynes's home computer to be introduced at trial.[2] The images were recovered during a search of Haynes's home pursuant to a warrant. Haynes asserts that the warrant was overly broad, and

---

[2]"We apply a mixed standard of review to the denial of a defendant's motion to suppress, reviewing the district court's findings of fact for clear error and its application of law to those facts de novo." United States v. Lyons, 403 F.3d 1248, 1250 (11th Cir.), cert. denied, 126 S. Ct. 732 (2005).

5

not supported by probable cause, to the extent it allowed for the seizure of all computers and computer hardware as well as all "digital data files pertaining to the possession, receipt, or distribution of child pornography." He does not contest that probable cause supported the warrant to search his home for evidence of enticing a minor to engage in sexual conduct, including evidence on his computer. However, he argues that the enticement conduct is different than child pornography, and there was no probable cause to support a search for child pornography.

The government responds that there was probable cause for the search warrant and it was not overly broad. Agent Holland testified at the suppression hearing that "people interested in engaging in sex with a minor oftentimes have pictures of children." Agent Holland did not include this statement in his affidavit supporting the search warrant, and both he and the government conceded that he should have explained the connection in his affidavit. Nevertheless, the government argues that, because a connection exists between enticing minors to engage in sexual conduct and possession of child pornography, there was probable cause to support the warrant's inclusion of child pornography. According to the government, "[c]ommon sense dictates that there is a reasonable probability that an adult male who has expressed an interest in engaging in sexual activity with a minor . . . would possess child pornography or child erotica."

However, we need not decide whether the search warrant was overly broad because the evidence is admissible under the good-faith exception to the exclusionary rule. See United States v. Leon, 468 U.S. 897, 104 S. Ct. 3405 (1984). This Court has explained that Leon "stands for the principle that courts generally should not render inadmissible evidence obtained by police officers acting in reasonable reliance upon a search warrant that is ultimately found to be unsupported by probable cause." United States v. Martin, 297 F.3d 1308, 1313 (11th Cir. 2002). Thus, suppression is necessary "only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." Id. (quotation marks and citation omitted).

There is no doubt that "[t]he good faith exception may be applied to a search conducted pursuant to an overly broad warrant." United States v. Travers, 233 F.3d 1327, 1330 (11th Cir. 2000). The officers here clearly acted in reasonable reliance upon the warrant. Indeed, on appeal, Haynes does not even argue, much less show, that any of the exceptions to the good-faith doctrine applies. Consequently, the district court did not err in denying the suppression motion and admitting the child pornography evidence.

**B. Double Jeopardy Issue**

On appeal, Haynes asserts that his enhancement under U.S.S.G. § 2A3.2(b)(3) for his use of a computer and the Internet violates his double jeopardy rights.[3] Essentially, Haynes argues that because his conviction was for using a computer to entice a minor, his sentence could not be enhanced for using a computer and the Internet to entice a minor. However, the double jeopardy clause does not prohibit a single course of conduct from serving as the basis for both a predicate offense and an enhancement. See United States v. Strickland, 261 F.3d 1271, 1274 (11th Cir. 2001).

Likewise, there is no double counting in this case. Haynes's base offense level did not take into account his use of a computer and the Internet. Therefore, it was appropriate for the district court to apply the two-level enhancement under § 2A3.2(b)(3). See United States v. Perez, 366 F.3d 1178, 1183-84 & n.6 (11th Cir. 2004).

## C. Booker Issue

On appeal, Haynes challenges the two-level enhancement he received pursuant to U.S.S.G. § 2A3.2(b)(2). Before discussing Haynes's arguments on appeal, we outline what § 2A3.2(b)(2) provides and what happened in the district court.

---

[3]Because Haynes did not raise this issue before the district court, we review for plain error only. See United States v. Miranda, 197 F.3d 1357, 1358-59 (11th Cir. 1999).

A two-level enhancement is warranted under subsection (A) of § 2A3.2(b)(2) if "the offense involved the <u>knowing misrepresentation</u> of a participant's identity to (i) persuade, induce, entice, or coerce the victim to engage in prohibited sexual conduct." U.S.S.G. § 2A3.2(b)(2)(A)(i) (emphasis added). In contrast, subsection (B) of § 2A3.2(b)(2) authorizes a two-level enhancement if "a participant otherwise unduly influenced the victim to engage in prohibited sexual conduct." U.S.S.G. § 2A3.2(b)(2)(B). According to the commentary to subsection (B), if the defendant is at least 10 years older than the victim, a rebuttable presumption exists that the defendant unduly influenced the victim to engage in prohibited sexual conduct. See U.S.S.G. § 2A3.2 cmt. n.4 (Misrepresentation of Identity).

Thus, subsection (A) focuses on a defendant's knowing misrepresentation enticing the victim and subsection (B) focuses on the age difference between the defendant and the victim and other factors that might unduly influence a victim. Although the jury returned a guilty verdict as to Count I, the district court submitted a special verdict that asked a question relevant to subsection (A) of § 2A3.2(b)(2). The first question the jury was directed to answer was: "Did the offense involve the knowing misrepresentation of Defendant's identity (may consider such factors as name, age, occupation, gender or status) to persuade,

9

induce, entice, or coerce the victim to engage in prohibited sexual conduct?" The jury answered "No." The question to the jury essentially tracked the language of subsection (A) of § 2A3.2(b)(2).

After the jury's verdict, the PSI, in paragraph 20, recommended a two-level enhancement pursuant to only <u>§ 2A3.2(b)(2)(B)</u>, stating as follows:

> Mr. Haynes represented himself as a 39 year old man to "Kaci" who reported herself to be a 14 year old female. However, Mr. Haynes was in fact 47 years old. The defendant's age in this matter generates an undue influence over the victim. Thus, the increase applies. U.S.S.G. § 2A3.2(b)(2)(B).

While the PSI focused mainly on the age difference as the justification for the two-level enhancement under subsection (B), the PSI also noted that the defendant had represented that he was 39 when in fact he was 47.

At sentencing, the district court inquired about the defendant's objection to the two-level enhancement under § 2A3.2(b)(2)(B). Defense counsel claimed that the two-level enhancement should not apply because "there's no way to rebut that ten-year gap [as] there is no victim." The district court then asked defense counsel: "Well, don't you also want to object based on the – on the verdict of the jury? Because wasn't this a specific question we sent to the jury in question number one." Defense counsel responded in the affirmative.

In evaluating whether the two-level enhancement under subsection (B)

applied, the district court first noted that when "a participant is at least ten years older than the victim – which is the case here – there shall be a rebuttable presumption for purposes of (b)(2)(B) that such participant unduly influenced the victim . . . ." The district court then stated that "[c]learly there was a misrepresentation by the defendant as to his age" and that "[c]learly, there's more than ten years between the alleged victim and the defendant."

The district court then made a finding that the enhancement under subsection (B) applied, and, in doing so, treated the jury's special verdict as relevant to subsection (B). Specifically, the district court stated "that I can make this finding beyond – by a preponderance of the evidence even though the jury found no by 'beyond a reasonable doubt.' I think it clearly should be applied, and I make that finding by a preponderance of the evidence."

In his brief on appeal, Haynes arguably raises two separate issues with regard to his two-level enhancement under § 2A3.2(b)(2). Haynes first argument is that the district court violated <u>Booker</u> by imposing an enhancement based on Haynes's misrepresentation of his age to a minor, notwithstanding that the jury expressly rejected the factual basis for that enhancement in its special verdict.[4]

---

[4]In the district court, Haynes explicitly raised constitutional issues under <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531 (2004), and, thus, we review his <u>Booker</u> claim <u>de novo</u>. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).

11

However, the age-misrepresentation enhancement is set forth in § 2A3.2(b)(2)(A). See U.S.S.G. § 2A3.2(b)(2)(A). To the extent Haynes is challenging any enhancement under § 2A3.2(b)(2)(A), his challenge is without merit because the district court did not impose an enhancement under § 2A3.2(b)(2)(A).

More importantly, as to the enhancement under § 2A3.2(b)(2)(B), which the district court did impose, there is no requirement that the defendant misrepresent his age. Despite the parties and the district court treating the jury's special verdict as relevant to subsection (B), it is clear that the jury's special verdict is not relevant to subsection (B).

Haynes's second argument is basically a constitutional Booker claim. In his opening brief, Haynes argues that this sentencing enhancement "violated the rule of Apprendi, Blakely, and Booker, that any fact that raises a defendant[']s sentence must be proven to a jury beyond a reasonable doubt."[5]

In this case, we conclude that Haynes has shown constitutional Booker error. Although it is undisputed that there was more than a 10-year gap between Haynes and his intended victim, this age difference supplies only a presumption that the enhancement under § 2A3.2(b)(2)(B) applies. Because Haynes did not admit that

---

[5]In the Booker section of his brief, Haynes cites only to U.S.S.G. § 2A3.2(b)(2). Thus, we conclude that Haynes has not raised a constitutional Booker challenge to any of his other enhancements.

12

the age difference actually influenced his intended victim (indeed, he challenged the enhancement under § 2A3.2(b)(2)(B)), Haynes did not admit to all the necessary facts in § 2A3.2(b)(2)(B). While there was sufficient evidence for the district court to make its fact finding of undue influence, the district court nonetheless applied that extra-verdict enhancement under a mandatory guidelines scheme, and, thus, Haynes has demonstrated constitutional Booker error.[6]

However, this Court may still affirm Haynes's 78-month sentence if the government establishes that any constitutional error was harmless. "[C]onstitutional errors are harmless where the government can show, beyond a reasonable doubt, that the error did not contribute to the defendant's ultimate sentence." United States v. Mathenia, 409 F.3d 1289, 1291 (11th Cir. 2005). In this case, the government has not shown that any constitutional error was harmless.

Accordingly, we vacate Haynes's 78-month sentence and remand this case for the limited purpose of resentencing Haynes under an advisory guidelines system. The district court correctly calculated Haynes's guidelines range as 70 to

---

[6]In Booker, the Supreme Court held that Blakely v. Washington, 452 U.S. 296, 124 S. Ct. 2531 (2004), applied to the Sentencing Guidelines. United States v. Rodriguez, 398 F.3d 1291, 1297-98 (11th Cir.), cert. denied, 125 S. Ct. 2935 (2005). "[T]he Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." Id. The constitutional error is not because there were extra-verdict enhancements; rather, "[t]he error is that there were extra-verdict enhancements used in a mandatory guidelines system." Id. at 1300.

87 months and need not revisit the guidelines calculations. On remand, the district court is simply required to sentence Haynes under an advisory guidelines regime, and shall consider the guidelines range of 70 to 87 months' imprisonment and "other statutory concerns as well, see [18 U.S.C.] § 3553(a) (Supp.2004)." Booker, 125 S. Ct. at 757.[7]

CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia

---

[7]We do not mean to imply that on remand the district court must impose a different sentence. Rather, we merely hold that the government has failed to meet its burden to show that the Booker constitutional error of sentencing under a mandatory guidelines regime was harmless. We also will not attempt to decide now whether a particular sentence below or above the guidelines range might be reasonable in this case. If there is an appeal of the actual post-remand sentence which raises that issue, we can decide it then.